[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT #108)
The plaintiff, Russell Capozziello, Jr., doing business as Scruples Cafe, brings this action against the defendant, the Post Publishing Company (hereinafter "Post"), the owner of the Connecticut Post newspaper, and its publisher Dudley Thomas, to recover for the defendants' alleged "bad faith" breach of an advertising contract. The plaintiff is the owner of a bar which features adult entertainment in the form of female "exotic" dancers.
In his one count complaint filed on August 24, 1993, Capozziello alleges that on an unspecified date he entered into an advertising contract with the Post. He further alleges that he had a long standing business relationship with the Post and that for many years he received positive results from placing advertisements in the Connecticut Post. The plaintiff alleges CT Page 11903 that in December 1992, he renewed the advertising contract with the Post and he attaches to the complaint a copy of the contract as an exhibit. The plaintiff alleges that in February 1993, the defendants terminated the advertising contract and informed the plaintiff that they would no longer accept his advertising copy. The plaintiff alleges that the defendants terminated the contract in response to a lawsuit that was brought against them by an adult video sales establishment whose advertisements were refused by the defendants due to complaints filed with the defendants by members of the community who are also readers of the Connecticut Post. The plaintiff further claims that he sustained economic damages as a result of the defendants' bad faith breach of the advertising contract. He seeks punitive damages from the defendants based on the defendants' alleged bad faith breach of the advertising contract.
On July 13, 1994 the defendant Thomas filed a motion for partial summary judgment along with a supporting memorandum of law and an affidavit. On July 22, 1994, the plaintiff filed a memorandum of law in opposition together with an affidavit.
In support of his motion for partial summary judgment, the defendant Thomas argues that he cannot be held liable for breach of contract because at the time of the alleged breach, he was acting as an agent for a disclosed principal (Post). The defendant Thomas further argues that as a matter of law, an agent of a disclosed principal cannot be liable for his principal's breach of contract.
In response, the plaintiff argues that a claim for a "bad faith" breach of contract is based upon allegations of tortious conduct on the part of Thomas. The plaintiff contends that the defendant Thomas, in his capacity as an agent for the Post, may be held liable for his torts.
This court finds that Thomas, in his capacity as an agent for the Post, may be held liable to the plaintiff for any tort that he might have committed, provided that such tortious conduct was the proximate cause of the plaintiff's injuries.
The plaintiff alleges that Thomas acted in bad faith in breaching the parties advertising contract. A claim for bad faith breach of contract gives rise "to a distinct tort claim."L.F. Pace Sons, Inc. v. Travelers Co., 9 Conn. App. 30, 46
(1986). "Bad faith in general implies both actual or CT Page 11904 constructive fraud or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive . . . . bad faith means more than mere negligence; it involves a dishonest purpose." Habetz v. Condon, 224, 231, 237 (1992).
Since the plaintiff's claim for bad faith breach of contract does give rise to a cause of action which sounds partially in tort, an agent such as the defendant Thomas may be liable for his alleged tortious conduct. Accordingly, the motion for partial summary judgment is hereby denied as a matter of law.
EDDIE RODRIGUEZ, JR., JUDGE